UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edward Delgado,

                         Plaintiff,

-against-

NJ Transit Rail Operations, Inc.,

                         Defendant.

1:18-cv-02079 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is the motion of Defendant, NJ Transit Rail Operations, Inc. ("NJ Transit"), for a stay of discovery and all proceedings pending the resolution of an appeal in the United States Court of Appeals for the Third Circuit ("Third Circuit") regarding NJ Transit's Eleventh Amendment immunity from claims under the Federal Rail Safety Act ("FRSA").[1] (Not. of Mot., ECF No. 28.) For the reasons set fort below, NJ Transit's motion is GRANTED.

**BACKGROUND**

In this case, Plaintiff Edward Delgado ("Plaintiff"), a car inspector employed by NJ Transit, filed a Complaint asserting FRSA claims against NJ Transit. (Compl., ECF No. 1, ¶¶ 3, 23-30.) On October 29, 2018, the parties consented to have all proceedings conducted before me. (Consent, ECF No. 17.) On December 14, 2018, NJ Transit filed the instant motion to stay. (Not. of Mot., ECF No. 28.) On January 7, 2019, Plaintiff filed his memorandum in opposition to the motion (Pl. Opp.,

---

[1] At the time that NJ Transit filed its motion, its request for a stay also was premised upon the pendency of an appeal to the Third Circuit in *Robinson v. New Jersey Transit Rail Operations, Inc.*, Docket No. 17-3397, regarding NJ Transit's Eleventh Amendment immunity from claims under the Federal Employers Liability Act. In late January 2019, the Third Circuit decided that appeal in favor of NJ Transit (*see* 2/19/19 Def. Ltr., ECF No. 36), although a petition for rehearing remains pending.

ECF No. 31.) On January 25, 2019, NJ Transit filed a reply. (Def. Reply, ECF No. 35.) At the request of Plaintiff's counsel, oral argument, which had been scheduled for January 29, 2019, was adjourned on consent. (Pl. Ltr., ECF No. 33.) On February 20, 2019, oral argument was held by telephone.

## **LEGAL STANDARDS**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).

Generally, in deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (collecting cases). In analyzing these factors on a case-by-case basis, "the basic goal is to avoid prejudice." *Id*. (quoting *LaSala*, 399 F. Supp. 2d at 427).

Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c). *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

## APPLICATION

The Court in its discretion grants NJ Transit's motion for a stay of discovery and all proceedings. If NJ Transit is immune under the FRSA, then Plaintiff's claims against it must be dismissed. The issue of NJ Transit's immunity under the FRSA presently is before the Third Circuit in an appeal from a District Court's decision which found that NJ Transit was immune. *See Flakker v. NJ Transit*, Dkt., No. 18-cv-1046. The legal issues presented in *Flakker* overlap to such an extent with those in this case that Plaintiff's opposition memorandum essentially "cuts and pastes" from the appellant's brief in *Flakker*. (See Def. Reply at 2.) Thus, the outcome of the Third Circuit's decision in *Flakker* is likely to have a significant impact on the disposition of this case.

Considering the relevant factors, a stay is warranted. The *Flakker* appeal is far along. It already is fully briefed. Plaintiff has not articulated any prejudice that will result to him from the issuance of a stay. On the other hand, if this case were to move forward, either for purposes of discovery or for purposes of the filing of a dispositive motion, NJ Transit will incur burden that may turn out to be unnecessary.

Although the decision of the Third Circuit "will not necessarily be binding on this Court, 'resolution of th[at case may] guide this Court in ruling on . . . the key issues in this litigation.'"

*Catskill Mountains Chapter of Trout,* 630 F. Supp. 2d at 304–05. Thus, I find that issuing a stay "will best serve the interests of the courts by promoting judicial efficiency and 'minimiz[ing] the possibility of conflicts between different courts.'" *Id*. at 304.

## CONCLUSION

For the foregoing reasons, Defendant NJ Transit's motion (ECF No. 28) is GRANTED, and this action is stayed. The parties shall within seven (7) days of the issuance of a decision by the Third Circuit in *Flakker v. NJ Transit*, Dkt., No. 18-cv-1046, provide a copy of the decision to this Court.

**SO ORDERED.**

DATED:   New York, New York
         February 20, 2019

_____
STEWART D. AARON
United States Magistrate Judge